IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| IN RE THE BOEING COMPANY SECURITIES LITIGATION | ) ) ) | Case No. 1:24-cv-00151 (LMB/LRV) Hon. Leonie M. Brinkema |

**ORDER**

This matter is before the Court on Lead Plaintiffs' Motion to Compel Regarding Search Parameters (Dkt. No. 83) and Lead Plaintiffs' Motion to Compel the Production of Discovery Materials Withheld Pursuant to Regulations of the National Transportation Safety Board and Annex 13 (Dkt. No. 88). In the Motion to Compel Regarding Search Parameters, Lead Plaintiffs request an order compelling Defendants to: (1) "complete the production of documents previously produced in related matters, provide the search parameters originally used to collect such documents, and produce any deposition or interview transcripts from such matters by December 16, 2024"; (2) "collect, search, and promptly produce responsive, non-privileged documents from the custodians Lead Plaintiffs have proposed"; and (3) "identify and search centralized files and databases likely to contain responsive documents, and promptly produce responsive, non-privileged documents from such files and databases, including but not limited to documents concerning the allegations of the witnesses identified by Lead Plaintiffs." (Dkt. No. 83 at 1.) In the Motion to Compel the Production of Discovery Materials Withheld Pursuant to Regulations of the National Transportation Safety Board and Annex 13 (Dkt. No. 88), Lead Plaintiffs request an order compelling Defendants to "produce discovery materials withheld pursuant to regulations of the National Transportation Safety Board and Annex 13 of the Convention on International Civil Aviation." (Dkt. No. 88 at 1.)

1

Both motions are fully briefed,[1] and a hearing on the motions was held on December 10, 2024 at which counsel for all parties appeared. For the reasons stated from the bench, and in accord with the specific rulings and instructions thereto, it is hereby

**ORDERED** that Lead Plaintiffs' Motion to Compel Regarding Search Parameters (Dkt. No. 83) is **GRANTED IN PART** and otherwise **TAKEN UNDER ADVISEMENT**. The motion is **GRANTED** as follows:

- Defendants are directed to **substantially complete** productions of the "cloned discovery"[2] documents, provide the search parameters (including custodians) originally used to collect such documents, and produce any deposition or interview transcripts from the cloned discovery matters[3] on or before **December 20, 2024**. Productions of the cloned discovery documents must be completed in full on or before **December 31, 2024**.

- Lead Plaintiffs may select an additional sixteen (16) custodians whose ESI will be collected and searched by Defendants. To be clear, these custodians are in addition to

---

[1] *See* Dkt. Nos. 84, 94, 98, 89, 92, and 96.

[2] To be clear, the Court defines "cloned discovery" as documents that Boeing previously produced to (1) the U.S. Securities and Exchange Commission ("SEC"); (2) the Federal Aviation Administration's ("FAA") independent expert panel; (3) the U.S. Department of Justice ("DOJ"); (4) Congressional committees, including the Senate Permanent Subcommittee on Investigations; (5) stockholders who made books-and-records demands under Section 220 of the Delaware General Corporate Law; and (6) plaintiffs in securities litigations against Boeing in the Northern District of Illinois (*In re Boeing Co. Aircraft Sec. Litig.*, No. 1:19-cv-02394 (N.D. Ill.) ("*Seeks*") and *College Ret. Equities Fund v. Boeing Co.*, No. 1:22-cv-03845 (N.D. Ill.)) (collectively, the "Illinois matters"). Documents previously produced by Boeing to the FAA (other than the documents produced to the independent expert panel) and to the National Transportation Safety Board ("NTSB") are not "cloned discovery" for purposes of this Order and are addressed separately.

[3] These transcripts include the four transcripts from interviews conducted by the SEC that were discussed during the December 10, 2024 hearing.

the eighteen (18) custodians that Defendants agreed to utilize. Lead Plaintiffs must select the additional 16 custodians from the list of proposed custodians attached as Appendix A to Lead Plaintiffs' Motion to Compel Regarding Search Parameters (Dkt. No. 84-1). Plaintiffs are directed to provide the names of the 16 custodians to Defendants by Friday, **December 13, 2024**.

- The parties are directed to meet and confer regarding parameters for identifying and searching Boeing's centralized, non-custodial files and databases for documents responsive to Plaintiffs' written discovery requests.[4] On or before **December 16, 2024**, the parties shall file a joint submission updating the Court on the status of the parties' discussions regarding the parameters for identifying and searching non-custodial files and databases.

The motion is **TAKEN UNDER ADVISEMENT** with respect to Lead Plaintiffs' request to compel documents that Boeing previously produced to the FAA (other than the documents produced to the independent expert panel) and the NTSB. Upon reflection, the Court finds that documents provided to the FAA (other than to the expert panel) differ from the "cloned discovery" discussed above. As discussed during the hearing, documents and information provided to the FAA may have been exchanged on a more informal basis and not necessarily organized as a formal production of documents in response to a formal request from the FAA. The parties are directed to meet and confer regarding Plaintiffs' request for documents Boeing previously provided to the

---

[4] As discussed during the hearing, non-custodial sources are most likely appropriate for certain discovery requests, rather than all. The parties' discussions should include identifying specific discovery requests appropriate for searches of non-custodial sources.

FAA.[5] Issues regarding the production in this litigation of documents Boeing produced to the NTSB will be addressed in connection with Lead Plaintiffs' Motion to Compel the Production of Discovery Materials Withheld Pursuant to Regulations of the National Transportation Safety Board and Annex 13 (Dkt. No. 88), discussed below. It is further

**ORDERED** that Lead Plaintiffs' Motion to Compel the Production of Discovery Materials Withheld Pursuant to Regulations of the National Transportation Safety Board and Annex 13 (Dkt. No. 88) is **DENIED IN PART** and otherwise **TAKEN UNDER ADVISEMENT**. The motion is **DENIED WITHOUT PREJUDICE** with respect to Lead Plaintiffs' request to compel Defendants to produce documents withheld pursuant to Annex 13 of the Convention on International Civil Aviation. The Court finds that this request is premature. The motion is **TAKEN UNDER ADVISEMENT** with respect to Lead Plaintiffs' request to compel Defendants to produce documents withheld pursuant 49 C.F.R. § 831.13. The Court requires the NTSB's input on the application of 49 C.F.R. § 831.13 to certain documents requested by Lead Plaintiffs. Accordingly, Defendants are directed to promptly (1) inform the NTSB about Plaintiffs' discovery requests and that Plaintiffs have filed a motion asking the Court to find that 49 C.F.R. § 831.13 does not bar production by Defendants to Lead Plaintiffs of any documents or information related to the January 5, 2024 incident on an Alaska Airlines 737 MAX airplane (the "Alaska Airlines incident") (Dkt. No. 89 at 15) and (2) seek the NTSB's view on the following questions:

---

[5] Lead Plaintiffs' reply brief provides a helpful starting point for the parties' meet and confer on this issue. In their reply, Lead Plaintiffs clarified that they "request that Defendants reproduce the documents Boeing produced to the FAA in connection with the FAA's investigation of the Alaska Airlines [accident], the FAA's requirement that Boeing submit an action plan to address systemic quality control issues, and the FAA's audits that found multiple failures to comply with quality control requirements." (Dkt. No. 98 at 7.)

4

- The definition or scope of "[i]nformation related to the accident or incident" as set forth in 49 C.F.R. § 831.13(a)(1) and "[i]nformation related to the investigation" as set forth in 49 C.F.R. § 831.13(c)(4).

- The definition or scope of "information obtained during an investigation" as set forth in 49 C.F.R. § 831.13(c).

- Whether 49 C.F.R. § 831.13 (regarding the provision and dissemination of investigative information) requires Boeing to withhold from production in this litigation documents created by Boeing in the ordinary course of business before the January 5, 2024 Alaska Airlines incident.

- Whether 49 C.F.R. § 831.13 requires Boeing to withhold from production in this litigation documents related to the Alaska Airlines incident that Boeing did not produce to the NTSB.

- Whether any of the information or documents that Boeing produced to the NTSB can be produced to Lead Plaintiffs at this time. (In other words, is the NTSB able to distinguish a subset of information and documents produced to it by Boeing that the NTSB would not prohibit Boeing from disclosing in the litigation now?)

Defendants must inform the NTSB regarding the Protective Order that governs discovery in this litigation. The NTSB's response to the questions should include the grounds and reasoning for its views as well as an explanation of how long any temporary requirement to withhold documents from production in this litigation would last. Defendants are encouraged to ask the NTSB any other questions that, in their view, may aid the Court in its decisional process and to inform the NTSB that it may file a declaration or position with respect to these issues on the docket if it so

5

chooses. Defendants must update the Court regarding the status of the questions and any responses from the NTSB at the December 19, 2024 hearing. It is further

**ORDERED** that the parties are directed to meet and confer regarding their respective search term proposals. On or before **December 16, 2024**, the parties shall file a joint submission updating the Court on the status of the parties' search term negotiations and, if any disputes remain regarding search terms, identifying the specific disputes that require Court resolution. It is further

**ORDERED** that Paragraph 11 of the Rule 16(b) Scheduling Order (Dkt. No. 81) is hereby amended and replaced with the following:

> To the extent any party intends to assert a claim of privilege or protection as to trial preparation material, any such claim must be made in a timely manner in accordance with Fed. R. Civ. P. 26(b)(5). If material is withheld from production based on claims of attorney-client privilege, the work product protection, or any other applicable privilege, such material must be recorded in a privilege log and the privilege log must be served within ten (10) days of each production from which documents are withheld on privilege grounds; if a document production is made with fewer than 10 days remaining in the discovery period, the privilege log for that production must be served by the close of discovery.

It is further

**ORDERED** that the parties appear for a status conference before the undersigned on **December 19, 2024 at 3:00 p.m. ET** in Alexandria Courtroom 501. Prior to the status conference, the parties are directed to meet and confer regarding whether they would like the Court to set a status conference in January or February 2025 and proposed dates for such conference. As previously discussed, all hearings and status conferences in this matter will be conducted on Tuesdays at 1:00 p.m. ET unless otherwise directed by the Court.

**ENTERED** this 11th day of December, 2024.

/s/ LRV
Lindsey Robinson Vaala
United States Magistrate Judge

Alexandria, Virginia