UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE THE BOEING COMPANY SECURITIES LITIGATION | ) ) ) |  Case No. 1:24-cv-00151-LMB-LRV<br><br>Hon. Leonie M. Brinkema |

**JOINT STATUS UPDATE**

Lead Plaintiffs and Defendants (together, "the Parties") respectfully submit this Joint Status Update pursuant to the Court's January 17, 2025 Order (ECF 117) directing that the Parties submit a status report by this date. As described in more detail below, the Parties have made substantial progress in discovery, are continuing to negotiate the remaining open issues, and are scheduling fact depositions (some of which have already been scheduled). While the Parties do not presently have an active dispute to present to the Court, the Parties propose that the February 25, 2025 status conference be maintained (i) so that the Parties can provide any updates to the Court on the remaining open issues, and (ii) because the Parties will be in attendance in any event at the conference in *Oklahoma Firefighters Pension and Retirement System v. Calhoun et al.*, No. 1:24-cv-01200-LMB (the "Derivative Action") scheduled for the same time. This Joint Status Update also includes a statement by Lead Plaintiffs concerning the Joint Discovery Plan submitted in the Derivative Action (ECF 147).

***Document Productions.*** As of February 20, 2025, Defendants have produced nearly 500,000 documents to Lead Plaintiffs. Defendants' productions to date have consisted of (a) reproductions of documents that were previously produced in other matters, (b) documents that were collected from centralized systems or locations, and (c) documents that were collected from the court-ordered document custodians. To date, Defendants have produced custodial documents

from 33 of the 34 designated custodians, and Defendants will be producing custodial documents from the remaining custodian as quickly as possible.

Lead Plaintiffs have also made follow-up requests to Defendants with respect to certain categories of documents and information, including additional centralized files, and Defendants are in the process of responding to those requests. The Parties have not reached any impasses with respect to those requests to date.

***Depositions.*** The Parties have scheduled four of the fifteen fact depositions that the Court permitted Lead Plaintiffs to take, and are in the process of noticing and scheduling the remainder. In addition, one deposition noticed by Defendants has been scheduled, and Defendants are in the process of scheduling additional depositions.

***Deposition Coordination – Statement by Lead Plaintiffs.*** In response to the Joint Discovery Plan filed by the parties in the Derivative Action on February 18, 2025 (ECF 147), Lead Plaintiffs respectfully submit the following. In the Joint Discovery Plan, the Derivative Plaintiffs propose that they be permitted time to question twelve of the fifteen witnesses that Lead Plaintiffs intend to depose in this case. Defendants, meanwhile, maintain that no fact deposition should exceed seven hours. Lead Plaintiffs take no position on how much deposition time Derivative Plaintiffs should be granted in total, and have no objection to Derivative Plaintiffs asking questions after Lead Plaintiffs have completed their seven hours with each fact witness in this case. However, Lead Plaintiffs respectfully submit that any resolution to the parties' disputes in the Derivative Action should not divest Lead Plaintiffs of the deposition time already ordered by the Court in this case.

The Parties to this case have "agree[d] that, because of the numerous and complex factual issues and the length of the Class Period in this case, there is good cause for each side to be

permitted to take a total of fifteen (15) depositions of all fact witnesses[.]" Joint Discovery Plan, ECF 75 at 3 (emphasis added). The Court ordered "the 15 per side" but "note[d] that any change in this number will need Court approval." Nov. 13, 2024 Hearing, ECF 77 at 10:3-4. The Court thus instructed Lead Plaintiffs to "please use your 15 wisely." *Id.* at 10:13. Lead Plaintiffs are doing just that given the complex nature of this case, which involves numerous allegedly false and misleading statements made over a significant period of time concerning a major manufacturing enterprise.

Lead Plaintiffs therefore respectfully submit that their Court-ordered deposition time should not be truncated as a result of a dispute in a case in which Lead Plaintiffs are not parties. To the extent the Derivative Plaintiffs are correct that their case concerns unique issues that require deposition questioning—a point on which Lead Plaintiffs take no position—such questioning by definition would not advance Lead Plaintiffs' case, and should not come at the expense of Lead Plaintiffs' ability to prove their claims.

Additionally, Derivative Plaintiffs' proposal (Derivative Action, ECF 147 at 19) presumably allocates time based on their own assessment of the witness' relative importance. As a result, if Derivative Plaintiffs' proposal were adopted, and if their time were to come in whole or in part at the expense of Lead Plaintiffs, then the more important the Derivative Plaintiffs perceive a witness to be, the less time Lead Plaintiffs would get. That is plainly unworkable. For example, Derivative Plaintiffs request three hours of questioning of former Boeing CEO David Calhoun. If that were to come out of Lead Plaintiffs' time, that would leave only four hours for Lead Plaintiffs to question Mr. Calhoun, one of the four individual Defendants in this case. Such an arrangement would improperly interfere with Lead Plaintiffs' ability to prosecute this case.

Lastly, Lead Plaintiffs are willing to discuss with Derivative Plaintiffs any specific lines of questioning they have in mind for any of the depositions. It may be that the conflicts between the cases are more theoretical than real, and that Lead Plaintiffs may already be planning to (or may be willing to) ask those same lines of questions. Lead Plaintiffs have also informed the parties to the Derivative Action that in the interest of resolving this issue, they are willing to share with Derivative Plaintiffs up to 30 minutes of deposition time with four current or former Board of Director witnesses Lead Plaintiffs intend to depose if Defendants add an equal amount of time to those depositions beyond seven hours for Derivative Plaintiffs to use, meaning that Derivative Plaintiffs would have up to an hour to question those four designated witnesses about any topics unique to their case. Lead Plaintiffs respectfully submit that a practical solution along those lines would be more appropriate than divesting Lead Plaintiffs of substantial deposition time in this case.

**Statement by Defendants.** *See* Joint Rule 26(f) Conference Report and Discovery Plan at 5-8 (ECF No. 147 in Derivative Action).

DATED:  February 20, 2025

*/s/ Christine M. Fox*

**LABATON KELLER SUCHAROW LLP**
Carol C. Villegas
Christine M. Fox
Jake Bissell-Linsk
David Saldamando
Emily N. Gault
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
cfpox@labaton.com
jbissel-linsk@labaton.com
dsaldamando@labaton.com
egault@labaton.com

*Lead Counsel for Co-Lead Plaintiff State of Rhode Island Office of the General Treasurer, on behalf of The Employees' Retirement System of Rhode Island and the Class*

*/s/ Jonathan Zweig*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Chad Johnson
Noam Mandel
Jonathan Zweig
Desiree Cummings
Brent Mitchell
420 Lexington Ave., Suite 1832
New York, NY 10170
Tel: (212) 432-5100
chadj@rgrdlaw.com
noam@rgrdlaw.com
jzweig@rgrdlaw.com
dcummings@rgrdlaw.com
bmitchell@rgrdlaw.com

*Lead Counsel for Co-Lead Plaintiff Local #817 IBT Pension Fund and the Class*

*/s/ Steven J. Toll*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll (Va. Bar No. 15300)
S. Douglas Bunch
1100 New York Avenue, N.W. Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
dbunch@cohenmilstein.com

*Liaison Counsel for Co-Lead Plaintiff State of Rhode Island Office of the General Treasurer, on behalf of The Employees' Retirement System of Rhode Island and the Class*

*/s/ Craig C. Reilly*

**THE OFFICE OF CRAIG C. REILLY**
Craig C. Reilly (Va. Bar No. 20942)
209 Madison Street, Suite 501
Alexandria, VA 22314
Tel: (703) 549-5354
Fax: (703) 549-5355
craig.reilly@ccreillylaw.com

*Liaison Counsel for Co-Lead Plaintiff Local #817 IBT Pension Fund and the Class*

| | |
|---|---|
| */s/ Benjamin L. Hatch* | */s/ Richard C. Pepperman II* |
| **McGUIREWOODS LLP** | **SULLIVAN & CROMWELL LLP** |
| Benjamin L. Hatch | Richard C. Pepperman II |
| 888 16th Street N.W., Suite 500 | Jason P. Barnes |
| Black Lives Matter Plaza | 125 Broad Street |
| Washington, D.C. 20006 | New York, NY 10004 |
| Tel: (757) 640-3727 | Tel: (212) 558-4000 |
| Fax: (757) 640-3947 | Fax: (212) 558-3588 |
| bhatch@mcguirewoods.com | peppermanr@sullcrom.com |
| | barnesjas@sullcrom.com |
| *Counsel for Defendants The Boeing Company, David L. Calhoun, Dennis A. Muilenburg, Brian J. West, and Gregory D. Smith* | Judson O. Littleton |
| | 1700 New York Avenue, N.W., Suite 700 |
| | Washington, D.C. 20006 |
| | Tel: (202) 956-7500 |
| | Fax: (202) 293-6330 |
| | littleton@sulcrom.com |
| | *Counsel for Defendants The Boeing Company, David L. Calhoun, Dennis A. Muilenburg, Brian J. West, and Gregory D. Smith* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send an electronic copy of the foregoing to all counsel of record in this case.

/s/ *Steven J. Toll*