UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| IN RE THE BOEING COMPANY SECURITIES LITIGATION | ) ) ) ) ) ) ) Case No. 1:24-cv-151-LMB-LRV<br><br>Hon. Leonie M. Brinkema |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR LEAVE TO SUBMIT A SUR-REPLY
BRIEF AND SUR-REBUTTAL REPORT FROM DR. STULZ**

Richard C. Pepperman II (*pro hac vice*)
Jason P. Barnes (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
peppermanr@sullcrom.com
barnesjas@sullcrom.com

Judson O. Littleton (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330
littletonj@sullcrom.com

Benjamin L. Hatch
MCGUIREWOODS LLP
888 16th Street N.W.
Suite 500
Black Lives Matter Plaza
Washington, D.C. 20006
Telephone: (757) 640-3727
Facsimile: (757) 640-3947
bhatch@mcguirewoods.com

*Counsel for Defendants The Boeing
Company, David L. Calhoun, Dennis A.
Muilenburg, Brian J. West, and Gregory D.
Smith*

February 21, 2025

## TABLE OF CONTENTS

*Page*

INTRODUCTION ....................................................................................................................................1

BACKGROUND ...................................................................................................................................2

ARGUMENT ..........................................................................................................................................5

CONCLUSION.......................................................................................................................................7

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Acticon AG* v. *China N.E. Petroleum Holdings Ltd.*,
  692 F.3d 34 (2d Cir. 2012).............................................................................................3

*In re Banco Bradesco S.A. Sec. Litig.*,
  No. 16-cv-04155, ECF No. 173 (S.D.N.Y. Feb. 7, 2019) .............................................7

*Bresler* v. *Wilmington Trust Co.*,
  855 F.3d 178 (4th Cir. 2017) ........................................................................................6

*Colonial River Wealth Advisors, LLC* v. *Cambridge Inv. Research, Inc.*,
  2023 WL 4938068 (E.D. Va. Mar. 7, 2023)..................................................................5

*Comcast Corp.* v. *Behrend*,
  569 U.S. 27 (2013).............................................................................................1, 2, 3, 6

*Ga. Firefighters' Pension Fund* v. *Anadarko Petroleum Corp.*,
  99 F.4th 770 (5th Cir. 2024) ......................................................................................2, 6

*Grae* v. *Corrections Corp. of Am.*,
  No. 16-cv-2267, ECF No. 132 (M.D. Tenn. Nov. 6, 2018)...........................................6

*In re Mattel, Inc. Sec. Litig.*,
  No. 19-cv-10860, ECF No. 133 (C.D. Cal. Sept. 9, 2021) ...........................................7

**Rules**

Fed. R. Civ. P. 16(b) ...........................................................................................................5

Fed. R. Civ. P. 23(b)(3)...................................................................................................3, 6

**INTRODUCTION**

Plaintiffs filed with their reply brief in support of class certification a 60-page "Expert Rebuttal Report of Chad Coffman, CFA" that contains new expert analysis and arguments. ECF No. 130-6 ("Coffman Rebuttal Report"). Plaintiffs' reply brief likewise includes over a dozen pages of new arguments not previously raised in their opening brief. Accordingly, Defendants request leave to file on or before March 3, 2025, a short sur-reply brief not to exceed 10 pages, as well as a sur-rebuttal expert report from Dr. René Stulz to explain why Mr. Coffman's new opinions are still insufficient to satisfy Plaintiffs' evidentiary burden. Plaintiffs have informed Defendants that they oppose this motion.

Although ostensibly offered as a reply to the expert report of Defendants' economic expert, Dr. Stulz, Mr. Coffman's 60-page rebuttal report is, in truth, an improper attempt to fill evidentiary holes in his deficient initial report after Defendants have deposed him and submitted their opposition papers. On the critical issue of whether damages can be computed on a classwide basis in a manner consistent with Plaintiffs' theory of liability, as required by *Comcast Corp.* v. *Behrend*, 569 U.S. 27 (2013), Plaintiffs' moving papers were entirely conclusory. Mr. Coffman's initial report offered just three pages of discussion on a damages methodology for Boeing common stock that were copied-and-pasted from a template he uses for all of his class-certification reports in securities cases and contained no analysis specific to this case. ECF No. 105-1 ("Coffman Initial Report") ¶¶ 96-100. Plaintiffs' opening brief likewise devoted only one-and-a-half pages to attempting to explain how Mr. Coffman's cookie-cutter approach satisfies their evidentiary burden under *Comcast*. ECF No. 104 at 27-28. Plaintiffs now attempt to fill the evidentiary void with new analysis and argument in their reply papers. In contrast to the three pages of his initial report, Mr. Coffman's rebuttal report spends at least 36 pages attempting to support his assertion that he will eventually develop a damages methodology for Boeing common stock consistent with

Plaintiffs' liability theory.  Coffman Rebuttal Report ¶¶ 21-108.  And Plaintiffs' reply brief devotes 13 pages—plus 16 more pages of appendices listing case quotations—trying to bolster Mr. Coffman's opinions and new analysis.  ECF No. 129 ("Pls.' Reply") at 1-13; ECF Nos. 130-1, 130-5.  Plaintiffs' submission of an expert report and reply brief containing new analysis and arguments after Defendants have filed their opposition and their own expert report plainly prejudices Defendants.

When courts have considered new expert reports submitted with plaintiffs' reply briefs in support of class certification, they have given defendants and their experts an opportunity to respond.  *See infra* 6-7.  Indeed, the Fifth Circuit recently reversed the grant of class certification in another securities case because the plaintiffs attached a new expert report to their reply brief and the district court did not permit the defendant "to file a sur-reply responding to that new evidence."  *Ga. Firefighters' Pension Fund* v. *Anadarko Petroleum Corp.*, 99 F.4th 770, 772 (5th Cir. 2024).  The Court should accordingly grant Defendants leave to file a short sur-reply brief as well as a sur-rebuttal expert report from Dr. Stulz.

## BACKGROUND

On December 13, 2024, Plaintiffs moved to certify a class of staggering breadth.  In support of their motion, Plaintiffs submitted an expert report from Mr. Coffman, who purported to opine on (i) whether Boeing common stock and put and call options traded in an efficient market, and (ii) whether damages can be computed on a classwide basis in a manner consistent with Plaintiffs' theory of liability, as required by *Comcast*.  ECF No. 105-1.  On the issue of whether damages for Boeing common stock can be calculated on a classwide basis consistent with Plaintiffs' liability theory, Mr. Coffman offered just three pages of discussion that he acknowledged at his deposition were copied-and-pasted nearly word-for-word from a "template" he uses for all his class-certification reports in securities cases.  ECF No. 115-2 ("Coffman Tr.") 82:19-87:20.

-2-

Rather than address the unique characteristics of Plaintiffs' expansive claims, Mr. Coffman simply stated that "out-of-pocket damages" are usually the appropriate measure of damages in a securities case. Coffman Initial Report ¶ 96. That unremarkable proposition is not expert opinion: It merely repeats the measure of damages that "[t]he Supreme Court adopted" for Section 10(b) claims, akin to saying that benefit-of-the bargain damages are the appropriate measure of damages for breach-of-contract claims. *Acticon AG* v. *China N.E. Petroleum Holdings Ltd.*, 692 F.3d 34, 38 (2d Cir. 2012). Mr. Coffman then speculated that he will be able to figure out how to develop a methodology to measure out-of-pocket damages on a classwide basis in a manner consistent with Plaintiffs' liability theory sometime in the future. Coffman Initial Report ¶¶ 99-100. Instead of describing what specific methodology he intends to use to calculate actual out-of-pocket damages, *see id.* ¶ 96, Mr. Coffman simply described various *potential* techniques for measuring stock-price inflation in securities cases as a general matter, while reserving the right to use other unspecified approaches, *see id.* ¶¶ 99-100; Coffman Tr. 124:17-23. As he conceded at his deposition, no part of his discussion of damages in his initial report is "specific to this case." Coffman Tr. 90:8-16.

On January 14, 2025, Defendants deposed Mr. Coffman based on his initial report over the course of nearly six hours. They filed their class-certification opposition one week later, on January 21, 2025. That opposition demonstrated that Mr. Coffman's "opinions" on damages (as confirmed by his deposition testimony) are insufficient to satisfy Plaintiffs' burden to prove by a preponderance of the evidence that damages can be calculated on a classwide basis in a manner consistent with Plaintiffs' theory of liability, as required by *Comcast*. *See* ECF No. 115. Without that required evidentiary showing, Plaintiffs have failed to satisfy their burden under Rule 23(b)(3) to establish that common questions predominate over questions affecting only individual class members, as is necessary to certify a class.

On February 20, 2025, Plaintiffs filed their reply brief in support of class certification (supplemented by two lengthy exhibits providing additional case citations) and submitted a "rebuttal report" from Mr. Coffman that is 60 pages long—seven pages *longer* than his initial report. ECF No. 130-6. Through its 144 paragraphs and 109 footnotes, Mr. Coffman's rebuttal report tries to cure the evidentiary failures of his initial report. After Dr. Stulz identified challenges Mr. Coffman will face in constructing a classwide damages model—challenges that Mr. Coffman simply ignored in his initial report—Mr. Coffman uses at least 36 pages of his rebuttal report to try to respond to those criticisms by insisting he has confidence in his ultimate ability to address the many challenges posed by Plaintiffs' expansive liability theory whenever he gets around to building a classwide damages model for Boeing common stock. Coffman Rebuttal Report ¶¶ 21-108.

For example, Mr. Coffman acknowledges that the two potential techniques for measuring stock-price inflation discussed in his initial report would both attempt to measure inflation by using an "event study" that assumes the stock-price declines following the "corrective event[s]" (here, the Alaska Airlines accident and its aftermath) correspond to the amount of inflation introduced by the alleged misstatements. *Id.* ¶¶ 24-26. But as Dr. Stulz showed, an event study pegged to the stock-price declines after a risk-materializing event occurred cannot measure inflation resulting from the alleged misstatements supposedly understating the "probability of quality lapses" because measuring the inflation resulting from an alleged understated risk "is work that has to be done outside of the event study," requiring an assessment of "the market's expectation of losses from quality escapes with the misstatements and without the misstatements." ECF No. 130-2 ("Stulz Tr.") 74:4-77:21; ECF No. 115-4 ("Stulz") ¶¶ 25-26, 35-36, 104-185. In his rebuttal report, Mr. Coffman vaguely gestures at other potential techniques not mentioned in his initial report that

-4-

he speculates might be able to measure inflation in a matter consistent with Plaintiffs' theory of liability, such as a "bottoms-up valuation-based approach" or some kind of "comparative approach."  Coffman Rebuttal Report ¶¶ 33-37.  The remainder of Mr. Coffman's rebuttal report is filled with conclusory assertions claiming that whatever methodology he ultimately decides to use to measure inflation in this case can "easily accommodate[]" all the evidentiary complexities Dr. Stulz identifies.  *Id.* ¶¶ 41-108.

Similarly, after Dr. Stulz identified numerous fatal flaws regarding Mr. Coffman's analysis of the efficiency of Boeing options, Mr. Coffman's rebuttal report contains 14 pages of new economic analysis attempting to justify the conclusory opinions in his initial report.  *Id.* ¶¶ 110-36.

Although the Rule 16(b) Scheduling Order permitted Plaintiffs to submit "Reply Class Certification Expert Report(s)" with their reply brief in support of class certification, ECF No. 81 at 8, that did not give Plaintiffs license to sandbag Defendants by submitting a highly generalized initial report on a critical requirement for class certification on which they bear the burden of proof and leaving the actual substance of their economic evidence (such as it is) to a rebuttal report.  But that is what Plaintiffs have done, severely prejudicing Defendants.

## ARGUMENT

"A court has the discretion to grant a responding party leave to file a sur-reply when the moving party has raised new arguments or brought forth new material in its reply brief."  *Colonial River Wealth Advisors, LLC* v. *Cambridge Inv. Research, Inc.*, 2023 WL 4938068, at *1 (E.D. Va. Mar. 7, 2023).  Plaintiffs cannot deny that they have done both here.  Exercising that discretion is particularly appropriate in this case so that Defendants are not deprived of the opportunity to respond to new arguments and economic evidence adduced for the first time in Mr. Coffman's rebuttal report and in Plaintiffs' reply brief.  Given the importance of the class-certification

decision, courts must "give both sides full and fair opportunity to present their strongest possible arguments to the court," as "[i]t is through that clash of ideas that [courts] ensure that justice is done pursuant to the laws that govern the dispute in question." *Anadarko*, 99 F.4th at 772.

Defendants will be severely prejudiced if they are not permitted to respond to Plaintiffs' (i) first substantive effort to meet their evidentiary burden of describing a methodology for calculating damages on a classwide basis consistent with their theory of liability, as required by *Comcast* and Rule 23(b)(3)'s predominance requirement, and (ii) new economic analysis of Boeing options. *See Comcast*, 569 U.S. at 33; *Bresler* v. *Wilmington Trust Co.*, 855 F.3d 178, 216 (4th Cir. 2017) (Wynn, J., concurring in part) (discussing unfairness that results when expert submits a "conclusory report" and then "'l[ies] in wait' to express new opinions at the last minute, thereby denying the opposing party the opportunity" to respond).

To the extent that the Court considers Mr. Coffman's rebuttal report and the new arguments in Plaintiffs' reply brief, the Court should grant Defendants leave to file on or before March 3, 2025, a short sur-reply brief not to exceed 10 pages and to submit a sur-rebuttal report from Dr. Stulz to ensure that the record is fully developed for the Court to decide whether Plaintiffs have proffered the "evidentiary proof" required for class certification. *Comcast*, 569 U.S. at 33. Although sur-replies are typically disfavored, "when a party raises new arguments or evidence for the first time in a reply," as Plaintiffs have done here, "the district court *must* either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Anadarko*, 99 F.4th at 774 (emphasis added).

Accordingly, when plaintiffs have submitted lengthy new expert reports together with their reply briefs in support of class certification, courts have routinely afforded defendants and their experts an opportunity to respond. *See, e.g.*, *Grae* v. *Corrections Corp. of Am.*, No. 16-cv-2267,

ECF No. 132 (M.D. Tenn. Nov. 6, 2018) ("The court concludes that [plaintiff's] submission of a lengthy new [expert] report in support of its Reply is an appropriate basis for allowing a brief, expeditiously filed sur-reply" and sur-rebuttal expert report); *In re Banco Bradesco S.A. Sec. Litig.*, No. 16-cv-04155, ECF No. 173 (S.D.N.Y. Feb. 7, 2019) (permitting defendants to file class certification sur-reply and supplemental expert report); *In re Mattel, Inc. Sec. Litig.*, No. 19-cv-10860, ECF No. 133 (C.D. Cal. Sept. 9, 2021) (same).

In this case, the filing of a short sur-reply brief and sur-rebuttal expert report by March 3, 2025, will not delay the resolution of Plaintiffs' class-certification motion or the progress of this litigation, given that Plaintiffs' motion is scheduled for oral argument on March 7, 2025. Plaintiffs' stated intention to oppose this motion only underscores that they recognize that Mr. Coffman's new "analysis" and the arguments in their reply brief cannot withstand the adversarial process.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants leave to file on or before March 3, 2025, (i) a sur-reply brief not to exceed ten pages in further opposition to Plaintiffs' motion for class certification, and (ii) a sur-rebuttal report from Defendants' economic expert Dr. René Stulz.

Dated: February 21, 2025

                                                      Respectfully submitted,

                                                      */s/ Benjamin L. Hatch*

Richard C. Pepperman II (*pro hac vice*)             Benjamin L. Hatch
Jason P. Barnes (*pro hac vice*)                     MCGUIREWOODS LLP
SULLIVAN & CROMWELL LLP                              888 16th Street N.W.
125 Broad Street                                     Suite 500
New York, New York 10004                             Black Lives Matter Plaza
Telephone: (212) 558-4000                            Washington, D.C. 20006
Facsimile: (212) 558-3588                            T: (757) 640-3727
peppermanr@sullcrom.com                              F: (757) 640-3947
barnesjas@sullcrom.com                               E-mail: bhatch@mcguirewoods.com

Judson O. Littleton (*pro hac vice*)                 *Counsel for Defendants The Boeing*
SULLIVAN & CROMWELL LLP                              *Company, David L. Calhoun, Dennis A.*
1700 New York Avenue, N.W.                           *Muilenburg, Brian J. West, and Gregory D.*
Suite 700                                            *Smith*
Washington, D.C. 20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330
littletonj@sullcrom.com

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on the 21st day of February, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sends an electronic copy of the foregoing to all counsel of record in this case.

*/s/ Benjamin L. Hatch*
Benjamin L. Hatch
