**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| IN RE THE BOEING COMPANY SECURITIES LITIGATION | ) ) ) ) ) | Case No. 1:24-cv-00151-LMB-LRV Hon. Leonie M. Brinkema |

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO SUBMIT A SUR-REPLY BRIEF
AND SUR-REBUTTAL EXPERT REPORT**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
  568 U.S. 455 (2013)................................................................................................................4

*Browne v. Waldo*,
  2023 WL 2974483 (E.D. Va. Apr. 17, 2023) ......................................................................1, 4

*Comcast Corp. v. Behrend*,
  569 U.S. 27 (2013)...........................................................................................................1, 3, 4

*Erica P. John Fund, Inc. v. Halliburton Co.*,
  563 U.S. 804 (2011)................................................................................................................4

*Khoury v. Meserve*,
  268 F. Supp. 2d 600 (D. Md. 2003), *aff'd* 85 F. App'x 960 (4th Cir. 2004) ............................1

*Melnick v. TAMKO Bldg. Prods. LLC*,
  2023 WL 2664131 (D. Kan. Mar. 28, 2023) ...........................................................................2

*Roach v. Navient Sols., Inc.*,
  165 F. Supp. 3d 343 (D. Md. 2015)........................................................................................4

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
  335 F.R.D. 276 (N.D. Cal. 2020)...........................................................................................2

*Willis v. Big Lots, Inc.*,
  242 F. Supp. 3d 634 (S.D. Ohio 2017) ................................................................................2, 4

**Other Authorities**

Fed. R. Civ. P. 23.................................................................................................................1, 3, 4

Fed. R. Civ. P. 26.......................................................................................................................2

Defendants' request for a sur-reply and sur-rebuttal report (ECF No. 132, the "Request") to address Lead Plaintiffs' Class Certification reply (ECF No. 129, the "Reply") should be denied.[1]

"It is well-established that surreplies are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word." *Browne v. Waldo*, 2023 WL 2974483, at *4 (E.D. Va. Apr. 17, 2023) (internal quotation marks and citation omitted).

Defendants do not identify any "new" arguments introduced by Plaintiffs in their Reply. Rather, Plaintiffs responded to issues advanced by Defendants' expert and extensively briefed in Defendants' Opposition. That is not grounds for granting leave to file a sur-reply (or a sur-rebuttal expert report): "An opposing party 'may not submit a surreply simply because the [moving party] used their reply brief to . . . respond to new arguments in [the] opposition [brief].'" *Id.* (quoting *Adams v. Applied Bus. Servs.*, 2019 WL 7817080, at *1 (E.D. Va. Aug. 30, 2019)); *see Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd* 85 F. App'x 960 (4th Cir. 2004) (similar).

Rather than pointing to any new argument, Defendants discuss the number of pages Plaintiffs' Reply dedicated to several issues. *See* Request at 1-2. Most notably, Defendants recount that the Reply discussed *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) at greater length than Plaintiffs' Opening Brief. Of course, it is unsurprising that Plaintiffs' Reply addressed *Comcast* extensively, since it was the only basis for Defendants' argument against certification of a class here—Defendants conceded that Plaintiffs' Opening Brief adequately satisfied Rule 23's numerosity, commonality, typicality, adequacy, and superiority elements. *See* Reply at 1. Defendants' commentary about the number of pages allocated to an issue comes nowhere near showing that the Reply raised "new" issues, as opposed to merely "respond[ing] to [] arguments" raised in Defendants' Opposition. *Browne*, 2023 WL 2974483, at *4.

---

[1] References to the "Opening Brief" in support of class certification refer to ECF No. 104, and references to the Defendants' "Opposition" refer to ECF No. 115.

In the absence of identifying specific new arguments, Defendants are left generically suggesting that the mere fact that Plaintiffs submitted a rebuttal expert report somehow justifies their Request. *See generally* Request at 1-2, 5-7. However, the Parties ***carefully negotiated a schedule*** that expressly <u>***permitted***</u> Plaintiffs to file an expert report with their Reply and did not provide for Defendants to file a sur-reply or sur-rebuttal report. ECF No. 81 at 8. Defendants identify nothing unexpected that justifies their Request to submit new substantive briefing and an entire expert report just days before the oral argument scheduled for March 7, 2025.

While Defendants cite caselaw for the notion that sur-replies are sometimes permitted at class certification, their cases merely stand for the typical observation that such filings are permitted to address genuinely new arguments. For example, Defendants cite a case where a District Court was reversed for denying a sur-reply, but that decision expressly turned on a finding that the moving party had proffered "key new evidence" in their reply. *See* Request at 2 (citing *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024)).

Indeed, requests for sur-replies at class certification are often denied. *See Willis v. Big Lots, Inc.*, 242 F. Supp. 3d 634, 644 (S.D. Ohio 2017) (denying defendants' request to file a sur-reply at class certification in securities case, where plaintiffs "did not raise new arguments for the first time in their reply brief," which "was properly limited to responding to arguments [d]efendants raised in their response"); *SEB Inv. Mgmt. AB v. Symantec Corp.*, 335 F.R.D. 276, 287 (N.D. Cal. 2020) (similar); *Melnick v. TAMKO Bldg. Prods. LLC*, 2023 WL 2664131, at *4 (D. Kan. Mar. 28, 2023) (denying defendants' request to file sur-rebuttal expert reports because Rule 26 does not "contemplate" the filing of such additional expert reports).

- 2 -

While never developed into a concrete argument, the clear subtext of Defendants' Request is their view that Plaintiffs somehow provided an insufficient initial description of their damages model and then sought to buttress that description in the Reply. That is plainly wrong.

The Opening Brief explained that: (1) *Comcast* and Rule 23's predominance inquiry may be satisfied by "identify[ing] a common methodology for the calculation of damages that matches [Plaintiffs'] theory of liability;" (2) Plaintiffs "need not fully elaborate on the intricacies of the methodology" at class certification; (3) Mr. Coffman's expert report proffered the standard Out-of-Pocket Method for calculating damages in securities cases; (4) this damages method "matches Plaintiffs' theory of liability;" and (5) the "task of assessing the amount of artificial inflation throughout the Class Period is a merits issue to be elaborated upon at a later time," but that, in any event, it will "not require any individualized inquiry." Opening Brief at 27-28.

Defendants' Opposition raised challenges based on a misinterpretation of *Comcast*. Specifically, Defendants asserted that it will be challenging for Plaintiffs to prove the inputs to their damages model (*e.g.*, measure artificial inflation) and—without citing a single case supporting the proposition—argued that this supposed forthcoming merits-stage challenge means that Plaintiffs needed to provide an unusually detailed damages model now. *See* Opp. at 10-24.

The Reply reaffirmed Plaintiffs' initial explanation of *Comcast*, including by detailing *Comcast*'s reasoning, scope, and the caselaw interpreting it, all of which demonstrates that there is no connection between the supposed difficulty in the merits-stage task of measuring inflation and the showing required by *Comcast* or Rule 23 at the class certification stage. Reply at 2-13. The Reply explained that there is absolutely no support (in Defendants' Opposition or otherwise) for the notion that, where inflation may be difficult to measure, Plaintiffs must provide something akin to a full loss causation analysis at the class certification stage. *See id.* at 5.

While it would not change the outcome at class certification for the reasons stated above, Plaintiffs' Reply and Coffman's Rebuttal Report *also* addressed Defendants' view that measuring inflation will be unusually difficult.  *See* Reply at 9-13; *see generally* ECF No. 130-6.  Plaintiffs suspect that it is this discussion that Defendants seek to address through their Request.  But Plaintiffs included that discussion as an ***additional reason*** to reject Defendants' *Comcast* argument: Plaintiffs show that inflation will not be unusually difficult to measure in order to rebut one of the false premises of Defendants' *Comcast* argument, not to buttress Plaintiffs' initial explanation of the damages method.  Thus, Plaintiffs and Coffman were directly "responding to arguments" raised in Defendants' Opposition.  *Willis*, 242 F. Supp. 3d at 644.  Defendants will have an opportunity to address the Reply at oral argument, but their desire to have "the last word" (*Browne*, 2023 WL 2974483, at *4) does not justify their Request.

Finally, Defendants' Request should also be denied because they have signaled an intention to use the requested supplemental filings to raise new arguments.  *Roach v. Navient Sols., Inc.*, 165 F. Supp. 3d 343, 351 (D. Md. 2015) (denying request for a sur-reply that raised a new argument).  For example, the Request refers to "evidence" fifteen times to insinuate that one must prove (with evidence) at this stage that they *will* prove loss causation at the merits stage.  This new theory conflates the real requirement to prove that Rule 23 is satisfied (*e.g.*, that individualized damages issues will not predominate), with a non-existent requirement to prove the merits of one's case— which is contrary to controlling law.  *See Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 813 (2011) (plaintiffs need not "show loss causation" at this stage); *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 460 (2013) (likelihood of proving the merits case is irrelevant to class certification).

DATED: February 24, 2025

/s/ Carol C. Villegas

**LABATON KELLER SUCHAROW LLP**

Carol C. Villegas
Christine M. Fox
Jake Bissell-Linsk
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
cfox@labaton.com
jbissel-linsk@labaton.com

*Lead Counsel for Lead Plaintiff State of
Rhode Island Office of the General
Treasurer, on behalf of The Employees'
Retirement System of Rhode Island and the
Proposed Class*

/s/ Steven J. Toll

**COHEN MILSTEIN SELLERS
  & TOLL PLLC**

Steven J. Toll (Va. Bar No. 15300)
S. Douglas Bunch
1100 New York Avenue, N.W. Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
dbunch@cohenmilstein.com

*Liaison Counsel for Lead Plaintiff State of
Rhode Island Office of the General
Treasurer, on behalf of The Employees'
Retirement System of Rhode Island and the
Proposed Class*

/s/ Chad Johnson

**ROBBINS GELLER RUDMAN
  & DOWD LLP**

Chad Johnson
Noam Mandel
Jonathan Zweig
Desiree Cummings
Brent Mitchell
420 Lexington Ave., Suite 1832
New York, NY 10170
Tel: (212) 432-5100
chadj@rgrdlaw.com
noam@rgrdlaw.com
jzweig@rgrdlaw.com
dcummings@rgrdlaw.com
bmitchell@rgrdlaw.com

*Lead Counsel for Lead Plaintiff Local #817
IBT Pension Fund and the Proposed Class*

/s/ Craig C. Reilly

**THE OFFICE OF CRAIG C. REILLY**

Craig C. Reilly (Va. Bar No. 20942)
209 Madison Street, Suite 501
Alexandria, VA 22314
Tel: (703) 549-5354
Fax: (703) 549-5355
craig.reilly@ccreillylaw.com

*Liaison Counsel for Lead Plaintiff Local
#817 IBT Pension Fund and the Proposed
Class*

- 5 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to all counsel of record in this Action.

/s/ *Steven J. Toll*