IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| IN RE THE BOEING COMPANY<br>SECURITIES LITIGATION | )<br>)<br>)<br>)<br>) | 1:24-cv-151 (LMB/LRV) |

## ORDER

Before the Court is plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel [Dkt. No. 103], which has been fully briefed and argued. Plaintiffs seek to certify a class consisting of persons or entities who purchased or acquired Boeing stock or options between September 30, 2019 and May 14, 2024. Class certification is proper only if the Court determines, after a rigorous analysis, that the prerequisites of Federal Rule of Civil Procedure 23 are met. Comcast Corp. v. Behrend, 569 U.S. 27, 33 (2013). With some modifications to the proposed class, the Court finds that plaintiffs have satisfied Rule 23's requirements.

The parties do not dispute, and it is beyond reasonable dispute, that plaintiffs have established the four elements of Rule 23(a). First, because there were thousands of investors who purchased Boeing stock during the class period proffered by plaintiffs, as well as the period found by the Court, the class is so numerous that joinder of all members is impracticable. See Gibbs v. Stinson, 2021 WL 4812451, at *13 (E.D. Va. Oct. 14, 2021) ("[J]oinder usually becomes impracticable where the class exceeds forty members."). Second, there are questions of law and fact common to the class, because this civil action is fundamentally about whether defendants defrauded Boeing's investors with their statements and omissions regarding the safety of Boeing aircraft and the safety procedures being practiced at the company. See In re BearingPoint, Inc. Sec. Litig., 232 F.R.D. 534, 538 (E.D. Va. 2006) ("Members of a proposed

class in a securities case are especially likely to share common claims."). Third, the claims of the representative parties are typical of the claims of the class—namely, that defendants are liable for allegedly fraudulent statements and omissions under § 10(b) of the Securities Exchange Act and Rule 10b-5. See Morris v. Wachovia Sec., Inc., 223 F.R.D. 284, 295–96 (E.D. Va. 2004). Fourth, the representative parties will fairly and adequately protect the interests of the class, because the lead plaintiffs are institutional investors who purchased substantial Boeing stock and allege significant losses from the allegedly fraudulent statements and omissions. See In re Under Armour Sec. Litig., 631 F. Supp. 3d 285, 308 (D. Md. 2022).

The Court also finds that plaintiffs have established the two requirements of Rule 23(b)(3). First, a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, as numerous courts have found when handling these types of securities actions, particularly in cases where, as here, the action is brought in the district in which the corporate defendant is headquartered and class members have not separately brought substantial litigation concerning the controversy. See, e.g., id. at 313; BearingPoint, 232 F.R.D. at 544–45. Second, questions of law and fact common to class members predominate over any questions affecting only individual members. Each class member's claims are based on the same alleged misstatements and omissions by defendants, as well the same sort of monetary damages resulting from a decline in Boeing's stock price from an allegedly inflated level. See In re NII Holdings, Inc. Sec. Litig., 311 F.R.D. 401, 408 (E.D. Va. 2015). Moreover, the "fraud on the market" presumption adopted by the Supreme Court in Basic Inc. v. Levinson, 485 U.S. 224 (1988), obviates the need for individualized proof of reliance. See Halliburton Co. v. Erica P. John Fund, Inc., 573 U.S. 258, 268 (2014). As Boeing is a Fortune 200 company listed on the

2

New York Stock Exchange, its stock clearly traded in an efficient market under the Cammer and Krogman factors. See NII, 311 F.R.D. at 409–13.

Defendants dispute that the predominance requirement is met here, citing Comcast for the proposition that plaintiffs must furnish evidentiary proof that their classwide damages methodology is consistent with their theory of liability. See 569 U.S. at 35–36. Specifically, defendants contend that the "out-of-pocket" methodology proffered as the appropriate way to calculate damages by plaintiffs' expert Mr. Chad Coffman is insufficient. The out-of-pocket methodology for calculating per-share inflation is, however, "widely accepted as the traditional measure of damages for Rule 10b-5 actions" and fits plaintiffs' theory of liability: that investors were damaged by purchasing Boeing stock at inflated prices due to defendants' fraud. NII, 311 F.R.D. at 413–14. That is why the vast majority of courts, including this Court, have interpreted Rule 23(b)(3) and Comcast to permit the standard out-of-pocket method for calculating damages to be used in securities class actions like this one. See, e.g., id.; Under Armour, 631 F. Supp. 3d at 312; City of Cape Coral Mun. Firefighters' Ret. Plan v. Emergent Biosolutions, Inc., HQ, 322 F. Supp. 3d 676, 692 (D. Md. 2018); KBC Asset Mgmt. NV v. 3D Sys. Corp., 2017 WL 4297450, at *7 (D.S.C. Sept. 28, 2017); see also Waggoner v. Barclays PLC, 875 F.3d 79, 106 (2d Cir. 2017). Moreover, the caselaw in this Circuit does not require plaintiffs to conduct detailed damages modeling to meet Rule 23's predominance requirement at the class certification stage. See, e.g., NII, 311 F.R.D. at 413–14; Under Armour, 631 F. Supp. 3d at 312.[1] Therefore,

---

[1] Defendants observe that the Fourth Circuit has granted Rule 23(f) interlocutory review in Int'l Bhd. of Elec. Workers Loc. 98 Pension Fund v. Deloitte & Touche LLP, No. 24-258 (4th Cir. Feb. 13, 2025) to determine whether the damages model in that case was sufficient for class certification under Rule 23(b)(3) and Comcast. As plaintiffs explained at oral argument in the instant civil action, Deloitte presents a unique factual situation complicating the connection between plaintiff's damages model and its theory of liability that is not at issue here.

3

the Court will grant, with modifications, plaintiffs' Motion for Class Certification and name lead plaintiffs the State of Rhode Island Office of the General Treasurer on behalf of the Employees' Retirement System of Rhode Island and Local #817 IBT Pension Fund as Class Representatives.

Defendants do, however, raise some valid concerns about the scope of the class. Plaintiffs did not include options holders in their Amended Complaint and have conceded that they did not hold Boeing options during the proposed class period, yet they seek to include Boeing options holders in their class. The Court agrees with defendants that plaintiffs should not be permitted to expand the class to include options holders. Many of the cases that plaintiffs cite for the proposition that courts can change the class size at the class certification stage involve narrowing, not expanding, the size of the class. See, e.g., Gunnells v. Healthplan Servs., Inc., 348 F.3d 417, 431 (4th Cir. 2003); Henderson v. Corelogic Nat'l Background Data, LLC, 2016 WL 4611571, at *3 (E.D. Va. Sept. 2, 2016). To allow plaintiffs to enlarge the class at this juncture would prejudice defendants and unduly complicate the litigation while the parties are in the midst of extensive discovery and are headed to mediation next month.

Finally, the parties dispute the start and end dates of the proposed class period. Plaintiffs seek a start date of September 30, 2019, while defendants counter that co-lead plaintiff Local #817 originally argued that the class should start at the earliest on January 7, 2021. The Court agrees with defendants' position and finds that January 7, 2021—when Boeing and the U.S. Department of Justice announced reaching a deferred prosecution agreement to resolve a criminal charge related to safety issues with Boeing 737 MAX airplanes—is the appropriate date on which to begin the class period. Mr. Coffman's event study showed that there were no statistically significant Boeing stock price increases during days when alleged misstatements were made in 2019 or 2020. Plaintiffs have also not sufficiently shown that the allegedly

4

fraudulent statements during this period could have maintained safety-related inflation in Boeing's stock price, given that the statements were made soon after the 2018 and 2019 crashes of Boeing 737 MAX aircraft. Moreover, beginning the class period in 2019 would cause the class to overlap with the proposed class period in Seeks v. Boeing Co., a putative securities class action involving distinct claims in the Northern District of Illinois. See 2024 WL 4367846, at *1 (N.D. Ill. Sept. 30, 2024).

The Court also agrees with defendants that the class period should end on January 8, 2024. The alleged corrective events after January 8, 2024 reflected the consequences of, and reactions to, the Alaska Airlines incident as opposed to the correction of prior misstatements. By January 8, 2024, it was clear that the Alaska Airlines incident resulted from the materialization of safety-related risk at Boeing. Indeed, the Rhode Island lead plaintiff filed its initial Complaint in this civil action on January 30, 2024, plainly demonstrating that investors were on notice as to the allegedly fraudulent statements well before plaintiffs' proposed end date of May 14, 2024. See [Dkt. No. 1].

Having found that a modified version of plaintiffs' proposed class should be certified and having defined the parameters of the class, the Court must appoint class counsel under Rule 23(g)(1). The Court appoints Labaton Keller Sucharow LLP and Robbins Geller Rudman & Dowd LLP to serve as Class Counsel, and appoints Cohen Milstein Sellers & Toll PLLC and The Office of Craig C. Reilly to serve as Liaison Counsel for the class. These counsel have done significant work investigating potential claims, have substantial experience in handling other large-scale securities class actions, are familiar with this Court's procedures, and are dedicating significant resources to this civil action.

For all these reasons, plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel [Dkt. No. 103] is GRANTED IN PART; and it is hereby ORDERED that

1.      Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the Court certifies a Class consisting of:

> All persons and entities who or which, during the period from January 7, 2021 to January 8, 2024, inclusive (the "Class Period"), purchased or otherwise acquired publicly-traded Boeing Company ("Boeing") common stock (NYSE:BA), and were damaged thereby (the "Class"). Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer, director, or control person of Boeing during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling or beneficial interest; and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity.

2.      Lead Plaintiffs the State of Rhode Island Office of the General Treasurer on behalf of the Employees' Retirement System of Rhode Island and Local #817 IBT Pension Fund have satisfied the requirements of Federal Rule of Civil Procedure 23(a) and are hereby appointed Class Representatives.

3.      Co-Lead Counsel Labaton Keller Sucharow LLP and Robbins Geller Rudman & Dowd LLP have satisfied the requirements of Federal Rule of Civil Procedure 23(g) and are hereby appointed Class Counsel.

4.      Cohen Milstein Sellers & Toll PLLC and The Office of Craig C. Reilly are hereby appointed Liaison Counsel.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 7th day of March, 2025.

Alexandria, Virginia

/s/

_____
Leonie M. Brinkema
United States District Judge