IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

|  |  |
|---|---|
| IN RE THE BOEING COMPANY SECURITIES LITIGATION | ) ) ) ) ) ) ) Case No. 1:24-cv-151-LMB-LRV |

**JOINT MOTION FOR A PARTIAL STAY OF THIS ACTION**

PURSUANT TO Rule 23(f), and for good cause shown based on the pending interlocutory appeal of the Court's class certification order, Lead Plaintiffs and Defendants jointly move for a ***partial stay of this litigation***, allowing the completion of certain fact discovery identified below but otherwise staying all proceedings in this action, including the dates for certain outstanding events on the pretrial schedule—*e.g.*, filing and serving Rule 26(a)(3) disclosures—that had previously been scheduled by the Court (*see* ECF Nos. 72, 73, 81 & 152). The reasons for requesting this relief are as follows:

### I.   Background

1. By complaint filed January 30, 2024, the State of Rhode Island Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island, filed a putative securities fraud class action against Defendants, The Boeing Company ("Boeing") and certain individual defendants (ECF No. 1).

2. On April 22, 2024, pursuant to the statutory procedures set forth in the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Court entered an order appointing Rhode Island and Local #817 IBT Pension Fund as Lead Plaintiffs and approving their selection of lead and liaison counsel (ECF No. 26).

1

3. On May 22, 2024, Lead Plaintiffs filed an amended class action complaint proposing a class consisting of individuals or entities who purchased Boeing's common stock during the proposed class period, September 30, 2019, to May 14, 2024 (ECF No. 43).

4. Defendants then filed a motion to dismiss the amended pleading (ECF No. 50), which was denied on September 6, 2024 (ECF No. 62).

5. During the pendency of the motion to dismiss, discovery was stayed as required by the PSLRA. After the motion to dismiss was denied, the parties filed a joint scheduling motion proposing a discovery and pretrial schedule (ECF No. 66).

6. After a status conference, the Court entered the initial scheduling order, setting the discovery cut-off as May 9, 2025, and the final pretrial conference date as May 15, 2025 (ECF No. 73). The parties then began obtaining discovery from each other and from third-parties.

7. The date of the final pretrial conference has since been re-set to May 22, 2025 (ECF No. 152), and the discovery cut-off was extended to May 16, 2025 (ECF No. 154), but the other provisions of the initial scheduling order were not changed.[1]

## II.   *Class Certification*

8. After briefing and oral argument, on March 7, 2025, the Court certified a class of common stock purchasers during a class period of January 7, 2021, to January 8, 2024 (ECF No. 143, ¶ 1).

9. On March 21, 2025, Defendants filed a petition for permission to appeal the Court's class certification order pursuant to Rule 23(f). *In re The Boeing Company Sec. Litig.*, No. 25-135 (4th Cir. filed Mar. 21, 2025). Lead Plaintiffs opposed Defendants' petition.

---

[1] On a parallel track, the parties held two mediation sessions with a private mediator.

10. On May 2, 2025, the Court of Appeals granted Defendants' petition for interlocutory appellate review of the class certification order and transferred the case to the regular appeals docket under docket number 25-1492 (ECF No. 159).

11. Under Rule 23(f), the granting of Defendants' petition for an interlocutory appeal "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f).

12. On May 6, 2025, Defendants filed a motion to stay all further proceedings in this case pending resolution of their Rule 23(f) appeal (ECF No. 161). After that motion was filed, the Parties met and conferred and now jointly seek a partial stay of the proceedings pending the appellate court's decision on the Defendants' Rule 23(f) appeal. This partial stay will allow the Parties to complete certain fact discovery identified below but otherwise will stay all proceedings in this action pending the resolution of Defendants' appeal.

### III. Joint Request for Relief

#### A. Proposed Suspension of Expert Discovery and Certain Fact Discovery Until Resolution of Rule 23(f) Appeal

13. The Parties had been on track to conclude all fact and expert discovery by the May 16, 2025 discovery cut-off, but in the interest of judicial economy and to conserve party resources, they now seek leave to **suspend further expert discovery and certain fact discovery until after the Rule 23(f) appeal is resolved**. Specifically, the Parties seek leave to suspend until after resolution of the Rule 23(f) appeal the following: (a) expert depositions, which would otherwise take place the week of May 12-16; (b) one fact deposition, of Defendant Brian West, currently scheduled for May 14; and (c) the potential brief continuation of one or more fact depositions based on text messages produced by Defendants after those depositions took place.

14. The Parties agree that the proposed stay would not apply to the following fact discovery in this action:

- Depositions of fact witnesses scheduled for the week of May 5-9, 2025, will take place as scheduled.

- Defendants will complete their production of text messages for one remaining custodian by May 16, 2025.

- The Parties will continue to receive documents from non-parties pursuant to outstanding subpoenas and, if necessary, may take action to enforce those document subpoenas. All documents received from third parties will be promptly produced to the opposing party.

- Defendants will continue to produce to Lead Plaintiffs any documents produced in *Oklahoma Firefighters Pension and Retirement System v. Calhoun, et al.*, No. 1:24-cv-1200 (the "Derivative Action").

15. To the extent that any depositions take place in the Derivative Action while this matter is stayed, Lead Plaintiffs reserve the right to seek leave to participate in those depositions on terms that are just, the stay of this action notwithstanding.

16. After the Rule 23(f) appeal has concluded, the Parties will promptly meet and confer to formulate a proposed schedule for completing the depositions identified in Paragraph 13 and any additional discovery that may be appropriate in light of the Court of Appeals' resolution of the Rule 23(f) appeal, which they will submit to the Court for approval.

### B.     *Suspension of the Pretrial Schedule.*

17. The Court's initial scheduling order directs that the parties "must electronically file on or before the final pretrial conference the Rule 26(a)(3) disclosures and a list of the exhibits to be used at trial, a list of witnesses to be called at trial and a written stipulation of uncontested facts" (ECF No. 73).

18. Given the pending interlocutory appeal of the Court's class certification order, the Parties submit that preparing their Rule 26(a)(3) pretrial submissions—witness lists, exhibit lists, deposition designations, and a stipulation of uncontested facts—for filing by May 22, 2025 is premature. Therefore, the Parties respectfully request that the current due date for Rule 26(a)(3) pretrial disclosures be continued until a date to be determined after the Rule 23(f) appeal is resolved.

19. The Parties also request that the case not be set for trial on a date-certain and that no schedule be set for dispositive motions and other pretrial motions at present.

20. After the Rule 23(f) appeal has concluded, the Parties will promptly meet and confer concerning further proceedings, including, as appropriate, a proposed schedule for the filing of dispositive motions, pretrial materials, other pretrial motions, and a trial commencement date, all of which will be submitted to the Court for approval.

21. Finally, the Parties believe that the May 22, 2025 pre-trial conference should be postponed, unless the Court wishes to use that conference to address any of these issues.

WHEREFORE, the Parties jointly request that the Court enter an order partially staying this action as requested herein. A proposed order is submitted herewith.

Dated: May 8, 2025

Respectfully submitted,

/s/ Christine M. Fox

/s/ Chad Johnson

**LABATON KELLER SUCHAROW LLP**
Carol C. Villegas
Christine M. Fox
Jake Bissell-Linsk
David Saldamando
Emily N. Gault
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
cfox@labaton.com
jbissel-linsk@labaton.com
dsaldamando@labaton.com
egault@labaton.com

*Lead Counsel for Co-Lead Plaintiff State of Rhode Island Office of the General Treasurer, on behalf of The Employees' Retirement System of Rhode Island and the Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Chad Johnson
Noam Mandel
Jonathan Zweig
Desiree Cummings
Brent Mitchell
420 Lexington Ave., Suite 1832
New York, NY 10170
Tel: (212) 432-5100
chadj@rgrdlaw.com
noam@rgrdlaw.com
jzweig@rgrdlaw.com
dcummings@rgrdlaw.com
bmitchell@rgrdlaw.com

*Lead Counsel for Co-Lead Plaintiff Local #817 IBT Pension Fund and the Class*

*/s/ Steven J. Toll*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll (VSB No. 15300)
S. Douglas Bunch
1100 New York Avenue, N.W. Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
dbunch@cohenmilstein.com

*Liaison Counsel for Co-Lead Plaintiff State of Rhode Island Office of the General Treasurer, on behalf of The Employees' Retirement System of Rhode Island and the Class*

*/s/ Benjamin L. Hatch*

**McGUIREWOODS LLP**
Benjamin L. Hatch
888 16th Street N.W., Suite 500
Black Lives Matter Plaza
Washington, D.C. 20006
Tel: (757) 640-3727
Fax: (757) 640-3947
bhatch@mcguirewoods.com

*Counsel for Defendants The Boeing Company, David L. Calhoun, Dennis A. Muilenburg, Brian J. West, and Gregory D. Smith*

*/s/ Craig C. Reilly*

**THE OFFICE OF CRAIG C. REILLY**
Craig C. Reilly (VSB No. 20942)
209 Madison Street, Suite 501
Alexandria, VA 22314
Tel: (703) 549-5354
Fax: (703) 549-5355
craig.reilly@ccreillylaw.com

*Liaison Counsel for Co-Lead Plaintiff Local #817 IBT Pension Fund and the Class*

*/s/ Richard C. Pepperman II*

**SULLIVAN & CROMWELL LLP**
Richard C. Pepperman II
Leonid Traps
Jason P. Barnes
125 Broad Street
New York, NY 10004
Tel: (212) 558-4000
Fax: (212) 558-3588
peppermanr@sullcrom.com
trapsl@sullcrom.com
barnesjas@sullcrom.com

Judson O. Littleton
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006
Tel: (202) 956-7500
Fax: (202) 293-6330
littleton@sulcrom.com

*Counsel for Defendants The Boeing Company, David L. Calhoun, Dennis A. Muilenburg, Brian J. West, and Gregory D. Smith*